# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WILLIAM McCLUNEY,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Secretary,<br><br>Respondent. | Civil No. 14cv1470-BEN (DHB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[ECF No. 16]** |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging a single claim for relief. (ECF No. 1.) On September 23, 2014, Petitioner filed a Motion for Stay and Abeyance. (ECF No. 16.) Petitioner seeks to stay this action and hold the Petition in abeyance so that he can return to state court to exhaust three additional claims. On October 3, 2014, Respondent filed an Opposition (ECF No. 18), and on November 3, 2014, Petitioner filed a Reply. (ECF No. 20.) The Court has reviewed the parties' pleadings, the record, and controlling law, and for the reasons discussed below, hereby **RECOMMENDS** that the Motion for Stay and Abeyance be **DENIED**.

///

///

## I. BACKGROUND

On January 8, 2009, Petitioner was charged in an amended information with Attempted Murder (Penal Code § 664, 187(a)); Assault with a Semi-Automatic Firearm (Penal Code § 245(b); Assault with a Deadly Weapon (Penal Code § 245(a)(1); and Possession of Cocaine for Sale (Health & Safety Code § 11351.5). (Lodgment No. 1, vol. 1 at 8-10.) The case proceeded to a jury trial, and during deliberations, an issue arose regarding one of the jurors "Googling" the definition of attempted murder. The trial court granted Petitioner's motion to excuse the juror for misconduct, and an alternate juror was selected as a replacement. (Lodgment No. 1, vol. 2 at 444-45.) Thereafter, on January 23, 2009, a jury convicted Petitioner of assault with a firearm (count 2) and cocaine possession (count 4). (Lodgment No. 1, vol. 2 at 448-49.) However, the jury could not reach a verdict on attempted murder (count 1) or assault with a deadly weapon (count 3). Therefore, the court declared a mistrial as to counts 1 and 3. (Lodgment No. 1, vol. 2 at446-47.)

Subsequently, Petitioner was re-tried on the remaining charges. On June 26, 2009, a second jury convicted Petitioner of assault with a deadly weapon (count 3). (Lodgment No. 1, vol. 2 at 497-500.) The second jury could not reach a verdict regarding the attempted murder charge (count 1), and a mistrial was declared on that count. (Lodgment No. 1, vol. 2 at 500.) The trial court also denied Petitioner's request to disclose identifying information regarding the jurors from the first trial, so that he could investigate whether there had been another incident of juror misconduct regarding the use of a dictionary. (Lodgment No. 1, vol. 2 at 507.)

On March 19, 2010, Petitioner was sentenced to state prison for a term of 21 years and 4 months. (Lodgment No. 1, vol. 2 at 393-94.)

Petitioner appealed his conviction. (Lodgment No. 4.) His direct appeal raised four issues: (1) ineffective assistance of trial counsel for presenting Petitioner to the prosecutor for an interview; (2) Sixth Amendment violation of right to confront accuser; (3) erroneous admission of irrelevant and prejudicial drug evidence; and (4) failure of the

trial court to conduct a hearing regarding jury misconduct during the first trial. (*Id.*) On November 20, 2011, the Court of Appeal rejected Petitioner's first three claims. (Lodgment No. 7 at 6-19.) The Court agreed with Petitioner on his fourth claim, and vacated the convictions reached at the first trial on counts 2 and 4. (*Id.* at 19-24.) The Court remanded the case to the trial court to conduct a hearing to investigate the jury misconduct allegations, and to reconsider a new-trial motion for the first trial. (*Id.* at 24.) The Court of Appeal further held that if the renewed new-trial motion was denied, the convictions on counts 2 and 4 would be reinstated. (*Id.*) Petitioner did not filed a Petition for Review regarding his first three claims.

On July 6, 2012, the trial court denied Petitioner's renewed motion for new trial, and the convictions on counts 2 and 4 were reinstated. (Lodgment No. 8 at 104.) Thereafter, Petitoner appealed the trial court's ruling (Lodgment No. 10), and on August 7, 2013, the Court of Appeal affirmed. (Lodgment No. 13.)

Petitioner filed a Petition for Review in the California Supreme Court. (Lodgment No. 14.) The only claim Petitioner raised in the Petition was the jury misconduct claim. (*Id.*) On October 16, 2013, the California Supreme Court summarily denied review. (Lodgment No. 15.)

On June 16, 2014, Petitioner filed the instant federal Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner alleged a sole claim for relief – jury misconduct. (*Id.*) On August 21, 2014, Respondent filed an Answer to the Petition.(ECF No. 9.) In the Answer, Respondent noted that the three other claims Petitioner raised on direct appeal were never presented to the California Supreme Court, and as a result are procedurally defaulted. (*Id.* at 5.) On September 23, 2014, Petitioner filed a Motion for Stay and Abeyance so that he can return to state court to exhaust the three other claims.[1] (ECF No.

---

[1] The Court notes that Petitioner's Traverse was due October 17, 2014. (ECF No. 12.) However, Petitioner has not yet filed a Traverse, presumably because he is awaiting a ruling on his Motion to Stay. The Court will issue a separate order addressing Petitioner's deadline to file a Traverse.

16.) Respondent filed an Opposition on October 3, 2014. (ECF No. 18.) Petitioner replied on November 3, 2014. (ECF No. 20.)

**II.    DISCUSSION**

A.    Legal Standard

Habeas petitioners who wish to challenge either their state court conviction, or the length of their confinement, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.

There are two procedures available to stay federal proceedings when a Petitioner seeks to return to state court to exhaust an unexhausted claim: (1) the "stay and abeyance" procedure under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); and (2) the "withdrawal and abeyance" procedure under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). These procedures are separate and distinct methods for staying federal habeas proceedings. *King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir. 2009).

The "stay and abeyance" procedure under *Rhines* applies to "mixed" petitions, which are petitions that contains both exhausted and unexhausted claims. *Rhines*, 544 U.S. at 271. Under the *Rhines* procedure, the entire petition is stayed while the petitioner returns to state court to exhaust the unexhausted claims. Once all claims are exhausted, the district court will lift the stay and the petitioner will proceed with his petition. *Id.* at 275-76. To be eligible for a stay under *Rhines*, the petitioner must show: (1) there was good cause for his failure to exhaust his claims in state court, (2) that the unexhausted claims are potentially meritorious, and (3) that he has not engaged in intentionally dilatory litigation tactics. *Id.* at 278.

In contrast, the "withdrawal and abeyance" procedure under *Kelly* permits the stay of fully exhausted petitions. The *Kelly* procedure involves a three-step process. *King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009) citing *Kelly v. Small*, 315 F.3d 1063, 1070-71

(9th Cir. 2003.) The petitioner: (1) voluntarily withdraws any unexhausted claims (if the petition contains any), (2) requests the federal court stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust any additional unexhausted claims, and (3) once the claims have been exhausted in state court, files a motion to amend the federal petition to add the newly exhausted claims. *Id.* Under the *Kelly* Procedure, the petitioner does not have to show good cause. *King*, 564 F.3d at 1140. However, the petitioner will not be permitted to amend his petition unless the newly exhausted claims are timely under the statute of limitations, or they "relate back" to the claims in the fully exhausted petition. *Id.* at 1141. For claims to "relate back," they must share a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "[A] new claim does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence.'" *King*, 564 F.3d at 1141, citing *Mayle*, 545 U.S. at 662-664. If it is evident that the newly exhausted claims would be untimely or would not relate back to the fully exhausted petition, it is appropriate for the district court to deny a request to stay the proceedings. *Id.* at 1141-43.

B. <u>Analysis</u>

Here, Petitioner presents a single claim for relief in his Petition. (ECF No. 1.) Respondent concedes that this claim is exhausted. (ECF No. 9 at 4; Lodgment No. 14.) As such, the Court is not presented with a "mixed petition," but rather a fully exhausted petition. Accordingly, a stay under the *Rhines* procedure would not be appropriate. Rather, the *Kelly* procedure is applicable because Petitioner requests the Court stay his fully exhausted Petition so that he can return to state court to exhaust additional claims. Therefore, the Court will analyze Petitioner's motion under *Kelly*.[2]

---

[2] Respondent argues Petitioner's motion should be denied because Petitioner procedurally defaulted his unexhausted claims, and it is unlikely the state court will now consider the merits of those claims. (ECF No. 18.) The Court need not resolve the issue of whether the claims are procedurally barred in state court because under the *Kelly* procedure, which is the applicable legal standard, Petitioner is not entitled to a stay. Moreover, Respondent recognizes the possibility that the California Supreme Court could reach the merits of Petitioner's claims, which "might well require a different result" by

Because the Petition contains only one exhausted claim , the first step of the *Kelly* procedure is satisfied. It is not necessary for Petitioner to withdraw any unexhausted claims. Next, assuming Petitioner were to exhaust his three additional claims in state court, and then file a motion to amend the Petition, the Court must consider whether the new claims would be timely under the statute of limitations, or would "relate back" to the exhausted claim in the Petition. The Court concludes that Petitioner cannot not meet either requirement.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitations applies to an application for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Under AEDPA, the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based upon the record, it appears Petitioner's conviction became final on January 14, 2014. (*See* Lodgment No. 15.) *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (stating a state conviction becomes final for purposes of federal habeas review 90 days after the California Supreme Court denies a petition for direct review). Therefore, the statute of limitations expired on January 14, 2015. As a result, by the time Petitioner were to proceed through state court and then return to amend the current Petition, the three new claims would be time barred.[3]

---

this Court. (ECF No. 18 at 5.) Therefore, the Court declines to deny Petitioner's motion to stay on the grounds articulated by Respondent.

[3] If Petitioner had filed a habeas petition in state court prior to January 14, 2015, Petitioner may have been able to meet the timeliness requirement under *Kelly*. Under AEDPA, the one-year statute of limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. §2244(d)(2). Thus, if Petitioner had filed a state habeas petition prior to the expiration of the one year statute of limitations, the limitations period would have been tolled, and there would have been time left on the clock for Petitioner to amend the Petition and add the three new claims. However, Petitioner has not shown that he has filed a state habeas petition, and the Court is unable to independently determine from the record that Petitioner has filed a petition in state court. Therefore, it does not appear from the record before the Court that Petitioner would be entitled to statutory tolling under §2244(d)(2). Further, the Court finds Petitioner has not alleged any facts from which the Court could find that he would be entitled to equitable tolling. *See Nedds v. Calderon*, 678 F. 3d 777, 780 (9th Cir. 2012) (stating equitable tolling only applies if a petitioner

Further, Petitioner will not be able to show that the three additional claims share a "common core of operative facts" with the exhausted claim the Petition, such that they will "relate back." *Mayle*, 545 U.S. at 659. Petitioner's sole claim in the current Petition is a jury misconduct claim. Petitioner asserts his fair trial rights were violated when a juror consulted a dictionary during the deliberations following his first trial. (ECF No. 1.) Whereas, the three new claims Petitioner seeks to exhaust are: (1) ineffective assistance of counsel for presenting Petitioner to the prosecutor for an interview without conducting a prior investigation; (2) Sixth Amendment violation of Petitioner's right to confront his accuser; and (3) trial court error in permitting the admission of irrelevant and highly prejudicial evidence suggesting Petitioner was a drug dealer. (ECF No. 16.) The only commonality among these the claims is that they arise out of the same trial, conviction, and sentence. However, under well settled Supreme Court precedent, that connection will not be enough for the new claims to "relate back" to the existing claim. *Mayle*, 545 U.S. at 659. Accordingly, even if Petitioner exhausts the three additional claims, they will not relate back to the claim in the current Petition, and staying this action would be futile.

Therefore, the Court **RECOMMENDS** that Petitioner's Motion for Stay and Abeyance be **DENIED**.

### III. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California. For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Petitioner's Motion for Stay and Abeyance be **DENIED**.

---

had diligently pursued his rights, but some rare or exceptional circumstance has prevented timely filing); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exception swallow the rule.").

**IT IS HEREBY ORDERED** no later than **February 13, 2015** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than ten (10) days from service of Petitioner's filed Objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 23, 2015

DAVID H. BARTICK
United States Magistrate Judge